## WILLIAM L. BOYD *vs.* OSCAR WOLFF, Garnishee of Henderson, Pfeil & Co.

*Attachment—Judgment in Favor of Some of the Defendants in the Short Note Case when Joint Indebtedness of all is alleged—Quashing attachment.*

An attachment on original process against three persons as partners was laid in the hands of W., and a declaration was filed against the three defendants charging a joint indebtedness. A judgment was rendered against one of the defendants for want of a plea and there was a verdict and judgment in favor of the other two, after pleas of never indebted. *Held,* that the attachment should be quashed because the goods of three partners cannot be taken for what was not shown to be their joint debt.

Appeal from an order of the Superior Court of Baltimore City.

The cause was argued before McSherry, C. J., Bryan, Briscoe, Page, Boyd and Pearce, JJ.

*Richard B. Tippett* and *W. Sherman Bansemer*, for the appellant.

*Alfred S. Niles*, for the appellee.

Bryan, J., delivered the opinion of the Court.

This was an appeal from an order quashing an at-

tachment. The appellant sued out an attachment on original process against Henderson, Pfeil and McDonald, the three persons who had been partners in the firm of Henderson, Pfeil & Company. The attachment was laid in the hands of Oscar Wolff, as garnishee. The declaration was filed against the defendants, charging them with a joint indebtedness as partners. A judgment was taken against Henderson, by default for want of a plea, which was duly extended. The other two defendants pleaded that they were never indebted as alleged; secondly, that they did not promise as alleged; and thirdly, that they had been discharged as insolvent debtors by the Insolvent Court. Issue was joined on the first and second pleas. It does not appear from the record what disposition was made of the third plea. A verdict in general terms was found in favor of the defendants; which, of course, was a verdict on the issues joined. Judgment was rendered on the verdict in favor of the defendants who had pleaded. Thereupon the garnishee moved to quash the attachment because of the judgment against Henderson, solely; and in favor of the other two defendants. The Court quashed the attachment as above stated. The plaintiff has appealed.

Some change has been made in the common law by the twelfth section of Article 51, in respect to proceedings against joint debtors in actions *ex contractu*. The attachment was on a debt alleged to be jointly due by the three defendants as partners; and on the basis of this alleged debt a condemnation was sought of their goods, chattels and credits in the hands of the garnishee. Unless this alleged debt could be proved to exist, the attachment founded on it would necessarily fail. But in this case, it is conclusively established by the judgment of the Court that there was no indebtedness on the part of two of the defendants. The judgment was rendered on a verdict, which was found on two pleas, both of which denied the indebtedness. The judgment against Henderson, the other defendant, is authorized by the section of the Code which has been quoted; but it certainly can affect no one but himself. It has no

tendency to show what it was incumbent on the plaintiff to establish; to wit, a joint indebtedness by the three defendants. The two judgments taken together proved that Henderson alone was indebted to the plaintiff; and that Pfeil and McDonald were not indebted. The attachment was issued to procure the payment of a joint debt. A joint indebtedness being disproved, it could not be sustained.

*Order quashing the attachment affirmed.*

(Decided November 1st, 1898.)